# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANCHU STANLEY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. ELH-19-780 |
| WILLIAM MARTIN, | * | |
| Respondent. | * | |

## MEMORANDUM

Petitioner Sanchu Stanley filed a Petition for Writ of Habeas Corpus on March 13, 2019, alleging that he had been detained pending removal from this country and that the length of his detention surpassed the presumptively reasonable period of time for detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF 1. Stanley sought immediate release until the United States Immigration and Customs Enforcement ("ICE") obtained the necessary paperwork for his deportation. *Id.*

On May 2, 2019, Respondent filed an answer, asserting that the Petition should be dismissed for lack of subject matter jurisdiction. ECF 6. Specifically, Respondent asserts that the instant dispute is now moot because ICE obtained a travel document and removed Stanley from the United States to Cameroon on April 9, 2019. *Id.* at 4.

For the reasons set forth below, the Petition will be DISMISSED, as moot.

### I. Factual Background

Stanley, a native and citizen of Cameroon, applied for admission to the United States on November 14, 2015, but did not have a valid, unexpired immigrant visa or other valid entry document. *See* ECF 6-1. On November 15, 2015, the U.S. Department of Homeland Security ("DHS") found Stanley to be inadmissible under the Immigration and Nationality Act,

§ 212(a)(7)(A)(i)(I), for entering the United States without a valid entry document, and detained him for expedited removal. *Id.*; ECF 1, ¶ 11.

Stanley was provided a credible fear interview with an asylum officer after expressing fear of returning to Cameroon. *See* ECF 6-2 at 2. On December 14, 2015, DHS found that Stanley did not have a credible fear of persecution. *Id.* Stanley appealed DHS's adverse credible fear determination to the immigration judge, who affirmed DHS's determination on January 12, 2016, and returned the immigration case to DHS for removal. *Id.* at 3; ECF 6-3. DHS detained Stanley on January 12, 2016, pending removal. *See* ECF 6-2 at 3.

On February 1, 2019, Stanley filed a motion with the immigration court to reopen his proceedings, so he could apply for deferral of removal under the Convention Against Torture. *See id.* at 2. The immigration judge denied the motion on February 13, 2019. *Id.* at 3-4.

Stanley filed his Petition on March 13, 2019, while he was detained at the Anne Arundel County Detention Center in Glen Burnie, Maryland. *See* ECF 1. On March 27, 2019, ICE obtained a travel document and, on April 9, 2019, removed Stanley from the United States to Cameroon. ECF 6-4.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis*, Inc.,

519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

### III. Discussion

Respondent argues that the Petition should be dismissed because Stanley is no longer in the United States, thus rendering the Petition moot. ECF 6. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U.S. Const., art. III, § 2; *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Honig v. Doe*, 484 U.S. 305, 317 (1988). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

Here, Stanley is no longer being detained. Rather, he has been removed to Cameroon. Thus, the court is unable to remedy the grievance presented in his Petition. As the case is now moot, the court lacks subject matter jurisdiction. Accordingly, the Petition will be dismissed.

### IV. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has

made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court declines to issue a certificate of appealability because Stanley has not made the requisite showing. Stanley may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## V. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DISMISSED as moot. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

<u>May 6, 2019</u>                                                               <u>/s/</u>
Date                                                                                 Ellen L. Hollander
                                                                                     United States District Judge